IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 10-10041-05-WEB |
| | ) | |
| ELIZABETH TREVINO, | ) | |
| | ) | |
| Defendant. | ) | |

**Memorandum and Order**

This matter came before the court on the defendant's objection to the Presentence Report and her motion for a departure or variance. The court orally denied the defendant's requests at the sentencing hearing of September 15, 2010. This written memorandum will supplement the court's oral ruling.

The defendant argues that the offense level should be decreased pursuant to USSG 3B1.2 because she was a minimal or minor participant. Defendant further contends a departure or variance is warranted due to several factors, including domestic abuse that she suffered at the hands of her husband, co-defendant Juan Romero – including being thrown down the stairs and having her nose broken – as well as her limited role in the offense. Defendant states that she is attempting to turn her life around and says she has been employed and working on a high school diploma while on bond, and that she is in an ongoing relationship with the father of her baby, which is due on December 25, 2010. Defendant notes that the court has the authority to impose a non-prison sentence, and she argues that a sentence of probation is appropriate under the factors in Section 3553. The Government opposes any reduction, and recommends a sentence at the low of the guideline range determined in the Presentence Report.

Section 3B1.2 of the Guidelines allows a 2, 3 or 4-point reduction in offense level if the

defendant was a "minor" or "minimal" participant in the offense. The reduction is intended to apply to a defendant who plays a part in the offense that makes her "substantially less culpable than the average participant." USSG § 3B1.2 cmt. n. 3. A defendant bears the burden of proving by a preponderance of the evidence that an adjustment under § 3B1.2 is warranted. *United States v. Martinez*, 512 F.3d 1268, 1275 (10th Cir. 2008).

The court concludes that no reduction is warranted here. The circumstances cited by the Government, which have not been controverted, show that the defendant was a willing participant in the offense, and that her role likely included purchasing drugs, storing them, delivering them, collecting money, and sharing in the profits from drug sales.

Additionally, after considering the factors in Section 3553, the court concludes that a sentence of imprisonment at the low end of the Guideline range – 18 months – is appropriate, and is necessary to reflect the seriousness of the offense, to promote respect for the law, and to avoid unwarranted disparities among defendants who have been found guilty of similar offenses.

*Conclusion*.

Defendant's objection to the Presentence Report and her Motion for Downward Departure or Variance (Doc. 123) are DENIED. The Probation Officer in charge of this case shall see that a copy of this order is appended to any copy of the Presentence Report made available to the Bureau of Prisons. In view of Ms. Trevino's pregnancy and expected delivery date, execution of the judgment in this case shall be stayed until January 25, 2011.

IT IS SO ORDERED this __15th__ Day of September, 2010, at Wichita, Ks.

s/Wesley E. Brown
Wesley E. Brown
U.S. Senior District Judge